# THE LAW OFFICE OF
# ELISA HYMAN, P.C.

January 25, 2023

*VIA ECF*
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re: *N.J. and G.J. v. N.Y.C. Dep't of Educ., et al.*
       18-cv-06173 (JMF)

Dear Judge Furman:

I represent the Plaintiffs in this action and am writing to provide two joint applications from the parties to enable the parties to proceed with negotiating and finalizing a global settlement of the above-action and the related administrative proceeding. First, the parties request that the Court endorse the attached Stipulation which will allow us to dismiss the underlying impartial hearing case without prejudice and toll the statute of limitations, in the event that the settlement falls through and Plaintiffs seek to re-file the claims in the administrative action. Second, the parties request that the Court stay discovery and motion practice in the federal action before Your Honor for 120 days, subject to the conditions below.

**Request for the Court to Endorse the Attached Stipulation**

After the last conference with the Court, the parties continued to discuss a realistic way to pause the administrative proceedings, which have been continuing. The parties have agreed to the attached proposed Stipulation which will allow us to do so. However, Plaintiffs are only in agreement provided the Court endorses the Stipulation. Defendants join in the request for the Court's endorsement because that is one of Plaintiffs' conditions, although Defendants did not necessarily believe that it was necessary to effectuate the Stipulation or accomplish its goals. Thus, Plaintiffs provide their rationale for why we are only in agreement to enter into the Stipulation in the event that the Court endorses it.

**Plaintiffs' Position**

Plaintiffs did not find authority for the Court to issue a stay (as there was no aspect of the case that had been remanded) and thus Plaintiffs' counsel did not feel confident that we would be able to convince the Court of its jurisdiction. With respect to the potential motion to excuse exhaustion, ultimately, since the DOE did not defend FAPE at the hearing and the hearing officer has agreed to allow N.J. to summarize testimony of witnesses who had previously testified rather

1115 BROADWAY, 12TH FL.                        42 WEST 24TH STREET, 2ND FLOOR
NEW YORK, NY 10010                          NEW YORK, NY 10010
                   WWW.SPECIALEDLAWYER.COM

than re-call them live, it did not seem like it would be in Plaintiffs' best interests or even efficient to scrap the past three years of work and start over before the Court.

However, after the conference with Your Honor, Plaintiffs proposed and Defendants agreed to the terms of the attached Stipulation which would allow Plaintiffs to withdraw the hearing without prejudice, toll the statute of limitations period and allow Plaintiffs to essentially restore the hearing to the same posture we were in as of the date we dismiss it. *See* Exhibit A. The hearing officer has agreed that she would agree to allow Plaintiffs to withdraw without prejudice and had no objection to resuming the case in the same position if it were re-filed.

Plaintiffs request that the Court endorse the Stipulation because the State Review Officer ("SRO") has held that a hearing officer has no authority to toll the statute of limitations in IDEA cases. Further, if settlement breaks down and the case goes forward and an appeal needs to be filed, the fact that the Court endorsed the Stipulation will be binding on and hold weight with the SRO, as well as with the Court itself, since this case would inevitably make its way back to the Court after an appeal.

Further, Plaintiffs need the Court's endorsement of the parties' agreement that Plaintiff will be deemed a prevailing party for purposes of entitlement to attorney's fees for purposes of settlement of the claims in the underlying hearing despite the withdrawal. As discussed with the Court, to settle the overall matter, the parties need to resolve fees relative to the impartial hearing, which has now spanned three years and almost twenty witnesses.

**Motion to Stay the Federal Proceedings**

As the parties have already discussed the justification for a motion for a stay of the federal proceedings with the Court, the parties do not believe that the Court requires an extensive explanation as to the rationale for the request. Briefly, the parties seek time to negotiate the attorney's fees, which involves Plaintiffs' preparation of the fee application, Defendants' review and request for authority from the New York City Comptroller and a negotiation period. As discussed, we already negotiated stipulation language and need only plug in the attorney's fees assuming we can come to an agreement relative to the amount.

**Plaintiffs' Position Concerning the Lapse in Services**

However, there continues to be an issue that has now become urgent because the funding authorized by Defendants as interim relief has expired as of the end of December. As the Court is aware, the parties executed an interim stipulation for funding for services that were already owed to G.J. during the course of the settlement so that negotiations could continue. He was receiving tutoring until the end of December when the funding for those services lapsed. The parties have theoretically carved these services out of the ultimate relief. Plaintiffs' have consistently conditioned our ability to continue participation in settlement with the proviso that G.J. continue to be able to receive the services that he is owed while the proceedings continue. Plaintiffs brought this up at the last conference before the Court.

Thus, Plaintiffs request that the Court stay these proceedings for two weeks, to enable the parties to (a) commence overall settlement; and (b) work out the issue of interim relief.

If the parties cannot resolve the interim relief issue, then Plaintiffs request that the Court stay proceedings for purposes of all other issues beyond the two weeks, except with respect to motion practice for a preliminary injunction regarding services, if necessary. Plaintiffs' allegations in this action are that there are significant hours of services owed to G.J. due to violations of the stay-put provision of the IDEA, 20 U.S.C. 1415(j), which would be the basis for the application, as this is the first time that funding for services have lapsed since the action was filed, given the prior compensatory banks awarded and agreed to.

Defendants have agreed not to argue that there is no irreparable harm based on Plaintiffs' agreement to give Defendants time to consider the agreement to approve interim relief.

**Defendants' Position**

Defendants wish to address (and hopefully stop) the underlying hearing first, and prioritize finalizing the global settlement thereafter. But Defendants will consider Plaintiff's request that the Department of Education provide funding for services on an interim basis.

Thank you for Your Honor's consideration of this matter.

Respectfully Submitted,

*/s/ Elisa Hyman*

_____
Elisa Hyman, Esq.
*Counsel for Plaintiffs*

cc: Andrew Rauchberg, Esq., *Counsel for Defendants*

The Court has signed the proposed stipulation, which will be docketed separately. The parties' request for a two-week stay is GRANTED. In the Court's view, there is no need to stay the case beyond that. Instead, the Court will grant the parties one 120-day period to try to resolve the question of fees and costs and set May 25, 2023, as the deadline for any motion for fees and costs. If there is a reason to extend the stay instead of proceeding in that manner, the parties shall file a letter-motion explaining the issue. Regardless, the parties are cautioned that, given the history and duration of this case, they should not expect any extensions of the time they are being granted to resolve the fee and cost question on their own.

The Clerk of Court is directed to terminate Docket No. 178.

SO ORDERED.

January 26, 2023