UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

N.J., *et al.*,

                               Plaintiffs,

             -against-

NEW YORK CITY DEPARTMENT OF EDUCATION, *et al.*

                           Defendants.

------------------------------------------------------------------------ X

18-CV-06173 (JMF)(BCM)

**STIPULATION OF
SETTLEMENT AND
ORDER OF DISMISSAL**

        **WHEREAS,** Plaintiff N.J. filed several due process complaints on behalf of Plaintiff G.J., her son, and a former student who had been classified as a student with a disability, seeking various forms of relief.  The resulting proceedings were designated as Impartial Hearing Case Nos. 149863, 156868, 157971, 158178, 161376, 164959, 166417, 172231, and 179156;

        **WHEREAS** Plaintiffs appealed the Findings of Fact and Decision in Impartial Hearing Case No. 157971 to the New York State Education Department's Office of State Review;

        **WHEREAS**, a State Review Officer issued a Decision dated August 30, 2018;

        **WHEREAS** Plaintiffs then initiated this Federal Action, in which, *inter alia,* Plaintiffs (a) appeal the State Review Officer's Decision; (b) allege that the New York City Department of Education had denied G.J. a free and appropriate public education in several school years; (c) assert that the Defendants did not fully implement final orders obtained in some of the administrative hearings and/or implement G.J.'s pendency entitlements pursuant to 20 U.S.C. § 1415(j); (d) allege that Defendants discriminated against Plaintiff G.J. based on his disability; (e) raise systemic claims; and (f)  and seek various forms of relief;

**WHEREAS**, Defendants deny any and all liability arising out of Plaintiffs' allegations;

**WHEREAS**, Plaintiffs and Defendants (the "Parties") desire to resolve any and all remaining claims in connection with Impartial Hearing Case Nos. 149863, 156868, 157971, 158178, 161376, 164959, 166417, 172231, and 179156 and the appeal of Impartial Hearing Case No. 157971, and all claims in this Federal Action, without further proceedings and without any admission of fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1.      In consideration of funding described in paragraphs "2," "6" and "7" below, this Action is dismissed, with prejudice, and without costs beyond those set forth below.

2.      The New York City Department of Education will fund a bank of up to Three Hundred Sixty Thousand Dollars and Zero Cents ($360,000.00) in total (Fifty Thousand Dollars and Zero Cents ($50,000.00) available pursuant to the interim stipulation dated February 18, 2022 [docket entry 121], Twenty Five Thousand Fifty Dollars and Zero Cents ($25,050.00) available pursuant to the interim stipulation dated May 24, 2023 [docket entry 183] and an additional Two Hundred Eighty Four Thousand Nine Hundred Fifty Dollars and Zero Cents ($284,950.00) as per this stipulation) for compensatory education services for G.J. (the "Services Bank").  The amount of up to Three Hundred Sixty Thousand Dollars and Zero Cents ($360,000.00) will be reduced by the amount of any services already provided pursuant to the interim stipulations, including services provided but not yet billed to the Department of Education.  G.J. may use the Services Bank to fund occupational therapy, physical therapy, speech and language therapy**,** counseling, special education teacher support services, tutoring

2

services, executive functioning training, vocational training, transition services (including transition supervision, coordination, and assessment), and assistive technology (as defined in 34 C.F.R. §§ 300.5, 300.6 and including assistive technology training and consultation, equipment, hardware, devices, educational software, computer programs, and applications), plus transportation costs to travel to and from the aforementioned services (together, the "Compensatory Services"). The Compensatory Services may be remote or in-person. Plaintiffs will select the providers of the Compensatory Services. G.J. may utilize the Services Bank for a period of 6 years from the date on which this Stipulation is endorsed by the Court (the "Services End Date"). Any funds in the Services Bank that are unused after the Services End Date shall be forfeited. The Department of Education will, however, pay for Compensatory Services that are provided prior to the Services End Date, even if invoices are submitted after the Services End Date, but invoices must be submitted within 90 days of the Services End Date.

3.      Payment for the Compensatory Services may be by direct payment to providers, or, at the option of Plaintiffs, Defendants will reimburse G.J., N.J., or a Special Needs Trust established for G.J. for the cost of Compensatory Services provided to G.J.

a.   Payment for occupational therapy, physical therapy, speech and language therapy, counseling, special education teacher support services, and tutoring services provided pursuant to this Stipulation, as well as executive functioning training and transition services provided pursuant to this Stipulation on an hourly basis, will be contingent upon submission of records indicating the type of service, the cost of the service (including the hourly rate and the number of hours provided), and the date(s) the service

was provided.  If reimbursement for any of these services is sought, then Plaintiffs must also provide proof of payment.

b.  Payment for assistive technology will be contingent upon submission of an invoice to be paid by the Department of Education, or a receipt and proof of payment if reimbursement is sought.   Whether direct payment or reimbursement is sought, documentation must identify the assistive technology for which funding is sought, and the Department of Education will only fund assistive technology pursuant to paragraph "2" that meets the definition set forth in 34 C.F.R. §§ 300.5, 300.6, although G.J. may obtain and utilize assistive technology for post-secondary activities.

c.  Payment for transportation services shall be by reimbursement only, and is contingent upon submission of a receipt and proof that the transportation was to and from in-person Compensatory Services.

d.  For vocational training programs, and for executive function training and transition services that are not provided and/or billed on an hourly basis, payment is contingent upon submission of a syllabus or other description of program, proof of the program's costs, documentation of services received, proof or other documentation of completion, and if the program is not completed, an explanation for why there was a lack of completion and what amount of services were received.  If reimbursement for any of these services is sought, then Plaintiffs must also provide proof of payment.

e.  After the initial documentation is submitted by each of the providers for direct payment, and reviewed by the Department of Education, if applicable, payment shall be contingent solely upon submission of invoices evidencing the cost, attendance records with number of hours (if services is billed hourly), and hourly rate or other cost (if not priced hourly), type of service, dates of receipt of the Compensatory Services, and, if applicable, proof of completion.

f.  To the extent that any Compensatory Service requires pre-payment, or payment independent of hourly invoicing, and G.J. previously obtained funding for, but did not utilize, similar services, or did not complete a similar program providing those services, Plaintiffs shall provide an explanation for why G.J. did not utilize the service and/or complete the program.  The Department of Education shall have the right to object to funding Compensatory Services if similar services were previously not utilized and/or completed, and any resulting dispute shall be addressed pursuant to the terms of paragraph "20" below.

g.  To the extent any of the documentation described herein is not available, Plaintiffs shall provide all available documentation and a written explanation of the services provided, or to be provided, proof of costs, and, to the extent possible, dates of services.  The Department of Education shall have the right to object to funding Compensatory Services if the documentation contemplated in this paragraph is not provided, and

any resulting dispute shall be addressed pursuant to the terms of paragraph "20" below.

4.     The documentation referenced in paragraph "3" above shall be submitted by one of the following methods:

    a.   Preferred method by e-mail to: NPSPSettlements@schools.nyc.gov (please include G.J.'s full name and OSIS # in the subject line); or

    b.   By U.S. Mail to: New York City Department of Education, Bureau of Non-Public School Payables, Attention: Settlements Unit, 65 Court Street, Room 1001, Brooklyn, New York 11201; or

    c.   By facsimile to: (718) 472-6101, Attention: Settlement Unit, Bureau of Non-Public School Payables.

5.     The Plaintiffs are not limited to using vendors that have previously received payment from the Department of Education.  If Plaintiffs seek funding for services provided by a vendor that has not previously been paid by the Bureau of Non-Public School Payables, or the vendor has had a change in name or address, Plaintiffs and/or the vendor shall provide a City of New York Substitute W-9 form. If G.J. uses funds from the Services Bank for occupational therapy, physical therapy, speech and language therapy, counseling, or special education teacher support services, Plaintiffs must use a provider who holds a New York State license, except that for counseling G.J. may use any provider who has a license under New York State law that would allow the provider to provide therapy, psychological services, social work services, counseling, psychotherapy, cognitive behavioral therapy, dialectical behavioral therapy, and/or mental health services.   Providers who are not required to be licensed must have

experience in and/or appropriate qualifications for the Compensatory Service that they are selected to provide.

6.      The City of New York shall also pay $250,000.00 into a special needs trust that will be set up by Plaintiffs for the benefit of G.J. to further facilitate G.J.'s continued participation in education, vocational training, career development, and/or development of independent living/economic self-sufficiency skills.  Once the trust is established, Plaintiffs will provide Defendants' counsel with the name of the trust and any other relevant information. Payment will then be made by issuing and mailing via First Class U.S. Mail, a check payable to a special needs trust as described in this paragraph.  Any costs to set up and/or establish this trust shall be borne by Plaintiffs, but Plaintiffs may, at their election, use a portion of the funds described in this paragraph to establish and/or set up the trust.

7.      The City of New York shall also pay Four Hundred Forty Seven Thousand Five Hundred Dollars and Zero Cents ($447,500.00) in full satisfaction of all claims for attorneys' fees, costs, and expenses incurred or accrued in connection with Impartial Hearing Case Nos. 149863, 156868, 157971, 158178, 161376, 164959, 166417, 172231, and 179156, the appeal of Impartial Hearing Case No. 157971 to the New York State Education Department's Office of State Review, and this Action.  Such payment will be made to The Law Office of Elisa Hyman. P.C., with addresses at 42 West 24th Street, 4E, New York, New York 10010 and 1115 Broadway, 12th Floor, New York, New York 10010, and will be  mailed to The Law Office of Elisa Hyman P.C. c/o 40 West 24th Street, 4E, New York, New York 10010.  The parties agree that the attorney's fees agreement contained herein is contingent upon the Court's endorsement of this Stipulation without requiring any further appearances, applications, letters or motions ("Post Submission Work").  In the event that Plaintiffs' counsel must engage in Post Submission

legal work as a result of the Court's order, the parties agree that Plaintiffs may seek reasonable counsel and paralegal fees for Post Submission Work, by first providing time records to Defendants' counsel.  Defendants may challenge the reasonableness of Plaintiffs' counsel's time records with the Court.

8.     In consideration of the payments, funding and terms set forth in paragraphs "2," "6" and "7" above, Plaintiffs, Friedman & Moses LLP, and The Law Office of Elisa Hyman, P.C. agree to dismissal, with prejudice, of all of Plaintiffs' claims in this Federal Action and agree to release and discharge Defendants, the City of New York, their successors and assigns, and all present or former officials, employees, departments, agencies, representatives, directors and agents of Defendants and the City of New York from any and all liabilities, claims, and/or rights of action that were raised in this Federal Action, in Impartial Hearing Case Nos. 149863, 156868, 157971, 158178, 161376, 164959, 166417, 172231, and 179156, and in the appeal of Impartial Hearing Case No. 157971 to the New York State Education Department's Office of State Review, as well as any and all claims Plaintiffs N.J. or G.J. may have against The New York City Department of Education, The New York City Board of Education and/or the Chancellor of the New York City Department of Education concerning G.J.'s general or special education services that were, or that Plaintiffs allege should have been, provided and/or funded by Defendants, including any of G.J.'s placements by the New York City Department of Education, any evaluations of G.J. conducted and/or funded by the New York City Department of Education, G.J.'s receipt of a diploma from the New York City Department of Education, and any special education or related services provided and/or funded by the New York City Department of Education, from the beginning of the world through to the date of this stipulation, and including all claims for attorneys' fees, costs, and expenses incurred or accrued

in connection with Impartial Hearing Case Nos. 149863, 156868, 157971, 158178, 161376, 164959, 166417, 172231, and 179156, in the appeal of Impartial Hearing Case No. 157971 to the New York State Education Department's Office of State Review, and in this Federal Action as of the date that this Stipulation is executed, subject to the exceptions in paragraph "9" below. Plaintiffs also agree that after the Court endorses this Stipulation they will withdraw and discontinue, or make a motion to the hearing officer to withdraw and discontinue, with prejudice, any administrative proceeding that is still ongoing. Plaintiffs further agree that they will not seek to reopen or reinstate Impartial Hearing Case No. 166417, or any other administrative proceeding that has been withdrawn, discontinued, dismissed, or has otherwise concluded.

9.  Exceptions: The releases, waivers, discharges and covenants not to re-file set forth in paragraph "8" exclude any claims and/or rights of action for:

a.  Implementation and enforcement of the terms of this Stipulation and Order.

b.  Attorneys' fees, costs, and expenses incurred or accrued in connection with any action to enforce, or as set forth in paragraph "10" below.

10. Plaintiffs are entitled to recover reasonable attorney's fees, costs and expenses in connection with implementing and enforcing the provisions of this Stipulation only as follows:

a.  Rates: The Defendants will pay $100 per hour for work performed by a paralegal, $150 per hour for work performed by a law clerk, and $250 for work performed by an attorney, other than attorneys with ten or more years of experience, for whom $325 per hour will be paid for work that does not involve direct communication with and/or submissions to the Court under paragraph "20" below.  For work involving any direct

9

communications with the Court, submissions to the Court, and/or appearances before the Court under paragraph "20" below, the Defendants will pay rates to be agreed upon by the parties or determined by the Court. Plaintiffs' counsel asserts that these are discounted rates for federal court legal work and cannot be used by Defendants in any other matter to establish market rates for attorney's fees.

b.  Attorneys providing legal services pursuant to this paragraph will only be compensated for reasonable billing for matters that fall within the purview of the definition of legal services.

c.  Invoices will detail all work done in six-minute increments.

d.  If Elisa Hyman personally agrees to provide implementation and enforcement services to Plaintiffs following the settlement, she will waive her claim for any fees based on work she personally performs, up to and until any letter has to be written to the Court pursuant to paragraph 20.

e.  Any lawyer, firm or organization seeking fees pursuant to this paragraph shall submit timesheets to the Office of Corporation Counsel within 90 days of the last date of service.

f.  Any dispute regarding (i) the necessity of the attorneys' fees billing pursuant to this paragraph; (ii) the reasonableness of any associated claim for attorneys' fees, costs, and expenses, or (iii) payments of fees by Defendants may be heard by the Court as per the provisions in paragraph "20" below.  The parties must attempt to negotiate all legal fee disputes for a period of 30 days before bringing them to the Court's attention.

11.     Plaintiffs, Friedman & Moses LLP, and The Law Office of Elisa Hyman, P.C. shall each execute separate Releases based on the terms of paragraphs "2," "5," "6," "7," and "8" above.  Friedman & Moses LLP and The Law Office of Elisa Hyman, P.C. shall also each complete a substitute W-9 form.  If payment pursuant to paragraph "5" above is made to G.J. or to a special needs trust, Plaintiffs will provide a substitute W-9 form for G.J. or the trust, as applicable.  Plaintiffs' counsel shall promptly provide the completed substitute W-9 forms and Releases to Defendants' undersigned counsel.  The funding and the payment described above in paragraphs "2" and "6" are conditioned upon delivery of these documents to Defendants' undersigned counsel.

12.     Nothing contained herein shall be deemed to be an admission by Defendants that they have in any manner or way violated Plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules, or regulations of the United States, the State of New York, the City of New York, or the New York City Department of Education, or any other rule, regulation, or bylaw of any department or subdivision of the City of New York or the New York City Department of Education.

13.     Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the New York City Department of Education.

14.     Neither this Stipulation, nor the Defendants' funding of the services described herein pursuant to the Stipulation, shall be relied upon by any party to indicate, establish or support the position that G.J. still requires or is entitled to receive educational services from the New York City Department of Education (other than the Compensatory Services pursuant to paragraph "2" above), or that the services constitute, in whole or in part, either a recommendation by the Department of Education, or an agreement by the Parties, the

Student's educational program for the purposes of the "pendency" or "stay put" provisions of the Individuals with Disabilities Education Act and its implementing regulations (20 U.S.C. § 1415(j) and 34 C.F.R. § 300.518) and/or New York State law and regulations (N.Y. Educ. Law §§ 4404(4), 4410(7)(c) and 8 N.Y.C.R.R. § 200.5(m)).

15.      This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation, proceeding, or settlement negotiation, except  as may be necessary (a) to enforce its terms; (b) to explain to a school or another government agency the sources of funds and services that G.J. is receiving; (c) for any future tax-related matter or a matter related to supplemental security income benefits, supplemental nutrition assistance program benefits, or other benefit programs; or (d) for any matter relating to the special needs trust.

16.      This Stipulation and Order contains all the terms and conditions agreed upon by the Parties, and no oral agreement entered into at any time, nor any written agreement entered into prior to the execution of this Stipulation and Order, regarding the subject matter of the instant proceeding shall be deemed to exist, to bind the Parties, or to vary the terms and conditions contained herein.

17.      As set forth in the letter to Defendants' counsel dated June 23, 2023, the NYC Department of Social Services will not assert a lien under Social Services Law § 104-b against plaintiff's settlement proceeds in this matter.

18.      Nothing in this stipulation is intended to restrict or does restrict the use of the funds described in paragraph "6."

19.      This Stipulation is contingent upon the Court's acceptance of the Stipulation of Dismissal executed by the parties in this action without any further appearances or submissions.  If the Court does not accept the Stipulation of Dismissal or invalidates any

provision of this Stipulation, the Plaintiffs have the option of voiding the Stipulation in which case it will be considered void and non-binding on all parties.

20.     This Court retains jurisdiction over this Stipulation and any dispute arising under the Stipulation can be presented to the Court for adjudication.  Prior to contacting the Court on any issue arising under the Stipulation, the party seeking relief shall provide the other party with written notice to the undersigned counsel of the nature and specifics of the issues for which relief will be sought. Such written notice must be provided by email and shall be provided at least fifteen (15) business days before contacting the Court. Counsel shall meet and confer within this fifteen (15) business day period in an attempt to resolve any outstanding issues described in the written notice. If the Parties are not able to resolve the issues within the above-referenced fifteen (15) business day period, counsel may thereafter, within a reasonable period of time, write to the Court setting forth the nature of the alleged issues and seeking a conference with the Court. If the issue raises irreparable harm, the fifteen (15) business day period is reduced to five (5) calendar days.  If the Parties cannot resolve the issue by agreement within the time-frame for resolution set by the Court, any Party may thereafter make a motion seeking relief before the Court in accordance with the schedule set forth by the Court or agreed upon between the Parties.

21. This Stipulation and Order may be executed in counterparts, and a facsimile or photocopied signature shall be deemed valid for all purposes.

Dated:      June 23, 2023
            New York, New York

THE LAW OFFICE OF ELISA HYMAN, P.C.          HON. SYLVIA O. HINDS-RADIX
Attorney for Plaintiffs                      Corporation Counsel of the City of New York
1115 Broadway, 12th Floor                    Attorney for Defendants
New York, NY 10010                           100 Church Street, Room 2-189
(646) 572-9064                               New York, New York 10007
Fax: (646) 572-9065                          (212) 356-0889
elisahyman@gmail.com                         arauchbe@law.nyc.gov


By: _____               By: _____
        Elisa Hyman, Esq.                          Andrew J. Rauchberg
                                                   Assistant Corporation Counsel


SO ORDERED:

_____
    JESSE M. FURMAN
        U.S.D.J.

June 26, 2023

The Court commends the parties on reaching a final settlement.
Any pending motions are moot.  All conferences are canceled.
The Clerk of Court is directed to close the case.

14